IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | No. 2:07-CR-00924-DCN |
| vs. | ) | |
| | ) | |
| Henry P. Bennett, Jr., | ) | |
| | ) | **ORDER** |
| Defendant/Movant. | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

This matter is before the court on defendant's motion under Federal Rule of Criminal Procedure 41(g) seeking the return of $112,020 previously seized from him. The currency which is the subject of defendant's motion was also the subject of a civil forfeiture complaint filed in this court's Greenville Division in April 2007. United States v. $112,020, Civil Action No. 6:07-928-HFF (Henry F. Floyd, District Judge). Defendant appeared in that action as a claimant, along with two other individuals contesting the forfeiture, Regina Dean and Anthony Smith. In September 2007, defendant, Dean, and Smith all voluntarily dismissed their claims to the currency, as well as their answers previously filed in response to the government's forfeiture complaint. Dkt. Entries 26-28. The government then moved for default judgment, which Judge Floyd entered in favor of the government on October 22, 2007. Dkt. Entries 29, 33. No appeal was taken from that judgment, which is now final.

Under the doctrines of res judicata and collateral estoppel, defendant's motion must be denied. As the Fourth Circuit has noted,

1

> The principal of res judicata dictates that there be an end to litigation. "(I)t rests upon considerations of economy of judicial time and public policy favoring the establishment of certainty in legal relations," Commissioner v. Sunnen, 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948); however res judicata serves as a bar to a subsequent litigation only when the prior judgment was returned by a court of competent jurisdiction, when the prior judgment was a final judgment on the merits, when the same parties and their privies are involved in both suits, when the two actions are based on the same issues and material facts and when the two proceedings present the same cause of action. Id.
>
> . . .
>
> Unlike res judicata, the doctrine of collateral estoppel may be applicable when the first cause of action was civil and the second is criminal. Yates v. United States, 354 U.S. 298, 77 S.Ct. 1064, 1 L.Ed.2d 1356 (1956); Parklane Hosiery Co. v. Shore, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). Collateral estoppel precludes the relitigation of issues actually litigated which were necessary to the outcome of the first action. 1B J. Moore, Federal Practice P 0.405(1) (2d ed. 1974).

United States v. Mumford, 630 F.2d 1023, 1027 (4th Cir. 1980). In this case, the currency that defendant wants returned was lawfully forfeited to the government in 2007. Defendant had full opportunity to contest the forfeiture in a judicial proceeding before Judge Floyd. Defendant failed to contest the forfeiture, both before and after judgment was entered against him. Therefore, it is too late for defendant to ask for return of the currency. Defendant's motion is **DENIED**.

    **AND IT IS SO ORDERED**.

                                      DAVID C. NORTON
                                      CHIEF UNITED STATES DISTRICT JUDGE

**Charleston, South Carolina**
**August 17, 2010**