**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| HENRY P. BENNETT, JR., ) | |
| ) | No. 2:07-cr-00924-DCN-1 |
| Petitioner, ) | No. 2:11-cv-70094-DCN |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the court on petitioner Henry P. Bennett, Jr.'s motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255, and on the government's motion to dismiss or, in the alternative, for summary judgment.

For the reasons set forth below, the court denies Bennett's petition.

## I. BACKGROUND

On November 14, 2007, Bennett was named as one of twelve co-defendants in a fourteen-count superseding indictment. Count 1 charged Bennett with conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base (commonly known as "crack" cocaine). Counts 2, 5, 6, 7, 10, 11, 12, and 13 charged Bennett with possession with intent to distribute quantities of cocaine on specific dates ranging from August 28, 2006 to August 17, 2007. Count 14 charged Bennett with conspiracy to commit money laundering.

On April 11, 2008, the government filed a notice of enhanced penalties to inform Bennett that he was subject to increased penalties provided by 21 U.S.C. § 851 because of two prior, drug-related convictions. The Section 851 enhancements

1

left Bennett subject to a mandatory minimum sentence of life imprisonment for Counts 1, 2, and 13. For Counts 5, 6, 7, and 10, the statutory maximum increased from 20 to 30 years of imprisonment, and the statutory minimum increased from 5 to 10 years imprisonment for Counts 11 and 12. Bennett's potential sentence as to Count 14 was unaffected by the Section 851 enhancements.

Bennett's trial began on April 28, 2008. On May 1, 2008, a jury found Bennett guilty as to Counts 1, 2, 6, 10, 11, 12, 13, and 14. The jury found Bennett not guilty as to Counts 5 and 7. On December 18, 2008, the court sentenced Bennett to life imprisonment as to Counts 1, 2, 11, 12, and 13; a term of 360 months as to Counts 6 and 10; and a term of 240 months as to Count 14. All of Bennett's sentences run concurrently to each other. Bennett directly appealed to the Fourth Circuit Court of Appeals, which, on June 3, 2010, reversed Bennett's sentence as to Count 14, but affirmed his sentence in all other respects.

On June 22, 2011, Bennett filed the instant petition to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. On September 22, 2011, the government filed a motion to dismiss Bennett's petition or, in the alternative, for summary judgment. On January 12, 2012, Bennett filed a timely response in opposition to the government's motion, making this case ripe for judicial review.

## II.  STANDARDS OF REVIEW

Bennett appears *pro se* in this case. Federal district courts are charged with liberally construing petitions filed by *pro se* litigants to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9-10 (1980). *Pro se*

petitions are therefore held to a less stringent standard than those drafted by attorneys. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Liberal construction, however, does not mean that a court may ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390-91 (4th Cir. 1990).

> Bennett proceeds under 28 U.S.C. § 2255(a), which provides that:
>
> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Bennett, as the petitioner, must prove the grounds for collateral attack by a preponderance of the evidence.[1] See King v. United States, No. 05-0218, 2011 WL 3759730, at *2 (D.S.C. Aug. 24, 2011) (citing Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958)).

If, on a motion to dismiss, the court considers matters outside of the pleadings, such as a party's supporting memoranda and attachments, the court treats the motion as one for summary judgment. Fed. R. Civ. P. 12(d). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (2010). At the summary judgment stage, the court must view the evidence in the light

---

[1] In deciding a § 2255 petition, the court shall grant a hearing, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The court has reviewed the record in this case and has determined that a hearing is not necessary.

most favorable to the non-moving party and draw all justifiable inferences in its favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Because, in this case, the court considers matters outside the pleadings, it treats the government's motion as one for summary judgment.

### III.  DISCUSSION

Bennett raises seven grounds for relief under Section 2255. He alleges six separate instances in which he received ineffective assistance of counsel, as well as one instance of prosecutorial misconduct.

**A. Ineffective Assistance of Counsel**

Bennett claims that he received ineffective assistance of counsel at both the trial and appeal phases of his criminal proceedings. The Sixth Amendment to the United States Constitution guarantees the accused the right to the assistance of counsel for his defense. The "right to counsel is the right to the effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771 (1970). In order to prevail on any of his claims of ineffective assistance of counsel, Bennett must satisfy the two-part test established by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). First, Bennett must show that his counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms. Id. at 687. Second, Bennett must show that counsel's deficiency or deficiencies prejudiced his defense. Id. at 694. The court may consider either the performance prong or the prejudice prong first, and need not to address both prongs if the defendant makes an insufficient showing of either. Id. at 697.

The court considers each of Bennett's six ineffective assistance claims in turn.

### 1. Trial Counsel's Failure to Share Discovery

Bennett first alleges that his trial counsel failed to show him discovery material related to his case, and denied "Petitioner's attempts to maintain control of the discovery material, so that he could peruse it while he was incarcerated in the county jail." Pet'r's Br. 9-10. This failure, Bennett claims, kept him from assisting his counsel in formulating a defense and from making an informed decision whether or not to plead guilty. Id.

Bennett's trial counsel concedes that he did not provide his client with a copy of discovery to keep while he was in prison. Cobb Aff. ¶ 1, Sept. 21, 2011. However, counsel simply acted pursuant to this court's protective order, which prohibited counsel from making copies for or leaving any discovery materials with Bennett while he was incarcerated. Protective Order 2-3, Jan. 24, 2008, ECF No. 358. Bennett's trial counsel "spent hours reviewing all of the Discovery and going over the material with Mr. Bennett at the detention center." Cobb Aff. ¶ 1. Counsel also provided Bennett with the opportunity to go over photographs and copies of exhibits the government intended to use at trial, and informed Bennett of all the evidence the government intended to elicit at trial. Id.

While a defendant generally has a right to review the discovery materials that will be used against him at trial, United States v. Hung, 667 F.2d 1105, 1108 (4th Cir. 1981), it is not improper to restrain "counsel from leaving discovery materials with the Petitioner in jail to safeguard the material contained therein." Ratliff v. United

States, No. 11-cv-70034, 2013 WL 1567405, at *6 (D.S.C. Apr. 15, 2013). Counsel extensively reviewed the discovery material with Bennett, and counsel's failure to provide Bennett with copies of his discovery was in keeping with the court's protective order. Counsel's compliance with this court's order does not constitute ineffective assistance.

Bennett's first ineffective assistance claim fails.

### 2. Trial Counsel's Failure to Request Jury Instruction on Buyer/Seller Relationship

Next, Bennett argues trial counsel failed to request a jury charge on a buyer/seller relationship. Pet'r's Br. 12. Bennett insists that he simply bought and sold drugs, and did not engage in a conspiracy to possess and distribute cocaine and crack. As Bennett puts it, "there were buyers and there were sellers, but there was no conspiracy." Id. He argues that the jury should have been given the buyer/seller pattern jury instruction issued by the Seventh Circuit Court of Appeals, which could have altered the jury's verdict as to Bennett's conspiracy count.

A defendant charged with conspiracy to distribute drugs is not entitled to a jury instruction on a "buyer/seller" defense if the facts show that the relationship of the parties goes beyond that of mere buy/sell transaction. See United States v. Mills, 995 F.2d 480, 484-85 (4th Cir. 1993). At trial, the jury heard extensive evidence that implicated Bennett in numerous transactions of buying and selling cocaine, transporting cocaine, and facilitating its distribution out of his home. See, e.g., Trial Tr. vol. 1, 39-40, 57-60, 87-89, 95, 125-26, Apr. 28, 2008. The evidence clearly indicates that Bennett's involvement in the distribution of several kilos of cocaine

falls well outside of a "mere buyer/seller" relationship. Thus, the failure to request a buyer/seller instruction did not constitute ineffective assistance.

The court was under no obligation to use the pattern jury instruction endorsed by an appellate court from another circuit. Moreover, Bennett has not demonstrated that the outcome of his case would likely have been different had the court used the Seventh Circuit's pattern buyer/seller jury instruction.

For these reasons, Bennett's second ineffective assistance claim fails.

### 3. Trial Counsel's Failure to Object to the Use of Transcripts in Jury Deliberations

Third, Bennett alleges that his trial attorney erred by failing to object to the admission into evidence of audio recordings and transcripts of certain conversations in which Bennett took part. Pet'r's Br. 13. According to Bennett, counsel's failure to object resulted in the introduction of the transcripts into evidence, deprived the court of an opportunity to provide a cautionary instruction to the jury as to the relevance of the transcripts, and prejudiced the outcome of the trial. Id. at 13-14.

The recordings and transcripts in question relate to conversations Bennett had with cooperating government witnesses. Id. at 14. At trial, the government elicited testimony from law enforcement that the transcripts were accurate reflections of the recorded conversations. See, e.g., Trial Tr. vol. 1, 40, 43. After a witness explained that the transcripts matched the audio recordings, both the recordings and the transcripts were admitted into evidence. Id. Both the recordings and the transcripts were available to the jury during their deliberations. Trial Tr. vol. 4, 587-93.

While the parties agree that these conversations did not include terms like "drugs," "kilogram," or "cocaine," the government presented testimony that these conversations contained coded statements in which Bennett agreed to buy drugs from the cooperating witnesses. <u>See, e.g.</u>, Trial Tr. vol. 1, 40, 43.

Bennett has not alleged that either the transcripts or the recordings themselves are inaccurate, irrelevant, or overly prejudicial. As the First Circuit has noted, "It can hardly be argued that accurate transcripts of properly authenticated and relevant wiretap recordings are not relevant evidence." <u>United States v. Rengifo</u>, 789 F.2d 975, 982 (1st Cir. 1986). Indeed, the recordings and transcripts in question were relevant because they tended to show that Bennett bought and sold a lot of drugs. The evidence was also properly authenticated by the government's witnesses. As a result, Bennett's trial counsel had no valid reason to object to the admission of the recordings and transcripts. Moreover, because both the audio recordings and transcripts were admitted into evidence, there was no reason for the court to issue a limiting instruction regarding the use of the transcripts.

Bennett's third ineffective assistance claim also fails.

### 4. Trial Counsel's Failure to Object to Improper Vouching of Government Witnesses

Bennett next contends that trial counsel provided ineffective assistance by failing to object to improper vouching by the government in its opening argument and its case-in-chief. Pet'r's Br. 14. Specifically, Bennett alleges that vouching occurred when the government indicated that witnesses who testified pursuant to the terms of

their plea agreements would face serious consequences if they did not testify truthfully. Id.

In arguments to the jury, "[i]t is impermissible for a prosecutor to vouch for or bolster the testimony of government witnesses." United States v. Sanchez, 118 F.3d 192, 198 (4th Cir. 1997); United States v. Lewis, 10 F.3d 1086, 1089 (4th Cir. 1993). "Vouching occurs when a prosecutor indicates a personal belief in the credibility or honesty of a witness . . . ." Sanchez, 118 F.3d at 198. The Fourth Circuit has used the language of another appellate court to clarify what constitutes improper vouching:

> Presenting evidence on a witness' obligation to testify truthfully pursuant to an agreement with the government and arguing that this gives the witness a strong motivation to tell the truth is not, by itself, improper vouching. Use of the "truthfulness" portions of [a plea agreement] becomes impermissible vouching only when the prosecutors explicitly or implicitly indicate that they can monitor and accurately verify the truthfulness of the witness' testimony.

United States v. Collins, 401 F.3d 212, 216 (4th Cir. 2005) (quoting United States v. Bowie, 892 F.2d 1494, 1498 (10th Cir. 1990)).

In the case, the government's discussion of its witnesses' plea agreements comported with the law of this circuit. The Assistant United States Attorney prosecuting Bennett did not guarantee to the jury that the cooperators were testifying truthfully; the prosecutor's opening statement simply explained that the plea agreements required cooperating witnesses to testify truthfully. Trial Tr. vol. 1, 27. During examination, the cooperating witnesses also referenced their obligations to testify truthfully pursuant to the terms of their plea agreements. See, e.g., Trial Tr. vol. 2, 220:4-8. The prosecutor's argument and the cooperating witnesses' testimony were not improper.

Because the prosecutor did not improperly vouch for the truthfulness of the cooperating witnesses, Bennett's trial attorney did not render ineffective assistance when he failed to object to the prosecutor's and witnesses' statements. Bennett's fourth ineffective assistance claim is unavailing.

### 5. Trial Counsel's Failure to Object to Untimely Filing of 21 U.S.C. § 851

Bennett also asserts that his trial attorney was constitutionally defective when he failed to object to the untimely filing of a 21 U.S.C. § 851 notice of enhanced penalties due to prior convictions. Bennett argues he did not receive such a notice from the Assistant United States Attorney who prosecuted him.

21 U.S.C. § 851(a)(1) states:

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

Section 851 does not provide a deadline by which the United States Attorney's Office must file its notice of enhanced penalties. Filing the notice sometime "before trial" suffices. Id. The government also need not deliver the notice directly to the defendant. Section 851 requires only that the government serve its notice upon either the defendant or his attorney. Id.

In this case, the government filed the relevant notice through the court's electronic case management system on April 11, 2008, over two weeks before trial. ECF 450. The notice identified Bennett's two prior convictions on the basis of which the government planned to seek enhanced penalties. Bennett's trial counsel confirms

that the notice was timely filed, that he received the notice, and that he discussed it with Bennett. Cobb Aff. ¶ 5. As the government was timely in its filing of its Section 851 notice of enhanced penalties, Bennett's counsel was not constitutionally deficient by failing to object to the filing.[2]

Even if the government's Section 851 notice had somehow been deficient, Bennett nevertheless had notice of the two prior drug-related convictions that were used to subject him to an increased mandatory minimum of life imprisonment. On May 3, 1991, Bennett pled guilty to conspiracy to possess with intent to distribute

---

[2]Bennett also contends that

> [T]he Court failed to follow the plain language of Section 851(b), which mandates the district court to secure the defendant's affirmation or denial of the previous conviction. . . . The Court did not inquire on the record []whether Petitioner affirms or denies that he has been previously convicted, and the Court failed to perform a colloquy to ensure that Petitioner understood what his rights were in reference to Section 851.

Pet'r's Br. 17. This claim is one of legal error and is an issue that could have been – but was not – raised on direct appeal. See United States v. Bennett, 381 F. App'x 250, 251 (4th Cir. 2010) ("On appeal, Bennett's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal, but raising the following issue: whether the district court erred by denying Bennett's motion for acquittal based on sufficiency of the evidence."). As such, the claim is procedurally defaulted. See United States v. Frady, 456 U.S. 152, 165 (1982) ("[A] collateral challenge may not do service for an appeal."); Young v. United States, No. 09-1116, 2012 WL 475774, at *3 (N.D. W. Va. Feb. 13, 2012) ("[N]on-constitutional issues that could have been raised on direct appeal but were not may not be raised in a § 2255 motion . . . . [U]nless the petitioner can show cause and prejudice for the default, the petitioner's . . . claim of insufficient evidence to support the § 924(c) charge [was] procedurally defaulted because [it] could have been, but [was] not, raised on appeal.").

To escape from procedural default, a petitioner must show cause excusing the failure to directly appeal the district court's alleged errors and actual prejudice resulting from the errors. United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999). "'The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel.'" United States v. Pettiford, 612 F.3d 270, 280 (4th Cir. 2010) (quoting Mikalajunas, 186 F.3d at 493). Bennett has not shown cause for failing to raise his claim on appeal. Therefore, this claim is defaulted.

11

cocaine.  See Judgment, United States v. Bennett, No. 2:91-cr-00005, Jan. 8, 1991, ECF No. 33.  The undersigned sentenced Bennett to a prison term of 188 months on September 3, 1992.  Id.  When Bennett was sentenced in his 1991 criminal case, the presentence report treated his prior state conviction for cocaine possession as a prior conviction, not as relevant conduct.  Supplemental Addendum to Presentence Report at 1, United States v. Bennett, No. 2:07-cr-924, Dec. 18, 2008, ECF No. 702.  Thus, Bennett had actual knowledge of both of the prior convictions used to form the basis of the government's Section 851 notice.

Bennett's fifth ineffective assistance claim is unsuccessful.

### 6. Appellate Counsel's Failure to Raise Trial Counsel's Errors on Appeal

Bennett argues his appellate counsel provided ineffective assistance by failing to raise Bennett's ineffective assistance of trial counsel claims on direct appeal.  Pet'r's Br. 17.

Unless it conclusively appears from the record that trial counsel provided ineffective assistance, such claims may not be raised on direct appeal.  United States v. Powell, 680 F.3d 350, 359 (4th Cir. 2012); see also Massaro v. United States, 538 U.S. 500, 504-05 (2003) ("In light of the way our system has developed, in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance.").  Failure to raise an ineffective assistance claim on direct appeal does not bar the litigant from bringing the claim in a collateral proceeding under Section 2255.  Massaro, 538 U.S. at 504.

Here, the record does not conclusively show that Bennett's trial counsel was ineffective. Therefore, Bennett's ineffective assistance claims were not proper subject matter for direct appeal. Appellate counsel did not err when he failed to raise Bennett's ineffective assistance claims on direct appeal.

For these reasons, Bennett's final ineffective assistance claim fails.

### B. Prosecutorial Misconduct

Bennett's last claim for habeas relief asserts that the prosecutor committed misconduct by improperly vouching for the truthfulness of cooperating government witnesses. This argument incorporates many of the same issues raised in Bennett's fourth ineffective assistance claim.

When asserting a prosecutorial misconduct claim, a defendant must show "(1) that the prosecutors engaged in improper conduct, and (2) that such conduct prejudiced the defendant's substantial rights so as to deny the defendant a fair trial." United States v. Alerre, 430 F.3d 681, 689 (4th Cir. 2005).

As detailed in part III.A.4 above, the prosecutor did not improperly vouch for the truthfulness of the government witnesses who testified pursuant to the terms of their plea agreements. As with all of Bennett's ineffective assistance of counsel claims, Bennett's prosecutorial misconduct claim fails.

## IV. CONCLUSION

Henry Bennett had already served more than twelve years in federal prison for drug trafficking offenses when he chose to roll the dice and – in the face of overwhelming evidence against him and a mandatory life sentence – to argue total

innocence to a jury of his peers. Having lost that particular bet, he cannot now blame his lawyers for failing to extricate him from the situation in which he placed himself.

For the foregoing reasons, the court **DENIES** petitioner's request for relief under 28 U.S.C. § 2255 and **GRANTS** the government's motion for summary judgment.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied because petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**June 4, 2013**
**Charleston, South Carolina**

14