IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>) No. 2:07-cr-00924-DCN<br>)<br>vs. )<br>) **ORDER**<br>HENRY P. BENNETT, JR., )<br>)<br>Defendant. )<br>_____) | |

The following matter is before the court on Henry P. Bennett's ("Bennett") pro se motion to reconsider the court's April 1, 2020 order, ECF No. 1008, whereby the court denied Bennett's motion to reduce his sentence pursuant to the First Step Act of 2018, Formerly Incarcerated Reenter Society Transformed Safely Transitioning Every Person Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018) ("First Step Act"). ECF No. 1010.

## I.   BACKGROUND

On March 23, 2019, Bennett filed a motion for a reduction of his sentence pursuant to the First Step Act of 2018. ECF No. 993. On April 11, 2019, the government responded to defendant's motion, ECF No. 996, to which Bennett replied on July 22, 2019, ECF No. 998. The government filed a sur-reply on March 12, 2020, ECF No. 1006. On April 1, 2020, the court denied Bennett's motion to reduce his sentence pursuant to the First Step Act of 2018. ECF No. 1008. On April 14, 2020, Bennett pro se motion to reconsider the court's April 1, 2020 order. ECF No. 1010. The deadline to file a response to the motion has passed without the government filing a response or indicating to the court their intention to file a response. Local Crim. Rule 12.04. The motion has been fully briefed and is now ripe for the court's review.

1

## II. STANDARD

Pro se complaints and petitions should be construed liberally by this court and are held to a less stringent standard than those drafted by attorneys. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), cert. denied, 439 U.S. 970 (1978). Courts classify pro se pleadings from prisoners according to their contents, without regard to their captions. United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003). A federal district court is charged with liberally construing a complaint or petition filed by a pro se litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980). Liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390–91 (4th Cir. 1990).

## III. DISCUSSION

If the court did have the jurisdiction to resolve Bennett's motion to reconsider, it would deny the motion. Bennett argues that a district court in West Virginia used the same rationale this court used to deny his motion under the § 3553(a) factors to grant a motion for relief under the First Step Act. ECF No. 1010 at 3–5 (citing United States v. Ayala, 469 F. Supp. 2d 357 (W.D. Va. 2007)). Upon the court's review of Ayala, there is nothing in that decision that indicates that the court was ruling on a First Step Act motion or considered the sentencing factors in 18 U.S.C. § 3553(a). The court found no such record of a First Step Act with the facts as described by Bennett in his motion. Even if the court had found such a ruling from a West Virginia district court, it would have no impact on this instant motion. Whether to grant relief, and the extent of such relief, under the First Step Act is within the sound discretion of the district court. § 404(c), 132 Stat.

at 5222. As the court explained in its April 1, 2020 order, the court originally denied Bennet's motion for relief under the First Step Act based on its analysis the § 3553(a) factors. There is nothing in the record or in this motion that changes the court's original analysis, and a ruling in a district court does not bind this court.

Furthermore, the procedural framework that applies under the First Step Act is 18 U.S.C. § 3582(c)(1)(B). United States v. Wirsing, 943 F.3d 175, 185 (4th Cir. 2019), as amended (Nov. 21, 2019). This framework provides the court the discretion to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." § 3582(c)(1)(B). The First Step Act permits the court one—and only one—opportunity to entertain a motion under that statute. First Step Act § 404(c), 132 Stat. at 5222. Because Bennett does not otherwise qualify for a modification of his term of imprisonment under § 3582(c) or Rule 35, the court lacks jurisdiction to grant Bennett's motion to reconsider after ruling on the merits of his original motion for a sentence reduction under the First Step Act.

Bennett's motion is, therefore, **DENIED**.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**July 13, 2020**
**Charleston, South Carolina**